UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOSEPH KOLWE JR                    CIVIL ACTION NO.   6:19-CV-01663

VERSUS                             JUDGE JUNEAU

CIVIL & STRUCTURAL ENGINEERS   MAGISTRATE JUDGE WHITEHURST
INC

## REPORT AND RECOMMENDATION

Before the Court upon referral from the district judge is the Motion to Abstain and Remand [Doc. 15] filed by the plaintiff, Joseph Kolwe ("plaintiff"). The motion is opposed by defendant Civil and Structure Engineers, Inc. ("CASE") [Doc. 22], and plaintiff filed a reply brief [Doc. 29]. For the following reasons, IT IS RECOMMENDED that the motion be GRANTED.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The instant lawsuit has a significant history, all of which occurred in state court. Plaintiff (a former shareholder of CASE) filed the original action against CASE in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana in April 2016, seeking to withdraw from CASE on the basis of shareholder oppression. Shortly before the case was filed, a new Louisiana statute was enacted, which significantly affected the law that was applied in this case. Specifically, the law, called the Louisiana Business Corporations Act, La. Rev. Stat. 12:1-101, et seq.,

was a new provision allowing a minority shareholder to force a corporation to purchase his shares for "fair value," if he is able to prove that he has been oppressed as a shareholder. Pursuant to this new law, the plaintiff provided notice of his intention to withdraw from CASE on November 29, 2015, and, as permitted by the statute, filed his lawsuit in April 2016.

The action was tried on the merits on December 20-21, 2017, and written judgment was rendered and signed on December 22, 2017, in favor of Kolwe and against CASE, the judgment debtor, terminating Kolwe's ownership in the judgment debtor corporation as of December 22, 2017. Both Kolwe and CASE appealed to the Louisiana Third Circuit Court of Appeal. The judgment of the appellate court resulted in the first reported opinion in Louisiana of a final judgment rendered pursuant to the new statute. See *Kolwe v. Civil and Structural Engineers, Inc*., 264 So.3d 1262 (La. App. 3rd Cir. 2/21/19). The Third Circuit's judgment held that "[w]hile Mr. Kolwe's shares were valued as of the effective date of his withdrawal from CASE on November 29, 2015, his obligations, rights, and duties as a shareholder of the corporation are deemed to have terminated as of December 22, 2017." Kolwe and CASE both sought writs of certiorari, which were denied by the

Louisiana Supreme Court in May 2019.   *Kolwe v. Civil and Structural Engineers, Inc.*, 19-0483 (La. 5/20/2019), *writ denied*, 271 So.3d 1269.

On November 20, 2019, Kolwe sought post-judgment relief in the state court proceeding through a motion to enforce the judgment and for contempt.   In his motion, Kolwe sought to enforce the judgment terminating his "obligations, rights, and duties as a shareholder of the corporation" as of December 22, 2017, pursuing fruits for the period November 29, 2015 to December 22, 2017.   Kolwe moved for an order of contempt on the basis that the judgment debtor imposed an obligation on him beyond the final Judgment's December 22, 2017 termination of his obligations as a shareholder of the corporation.

It was from this post-judgment motion that CASE removed the matter to this Court on December 20, 2019, arguing that Kolwe's contention that the judgment was violated when he received from the judgment debtor a schedule K-1 treating him as an owner beyond the December 22, 2017 termination of ownership raises a federal question, inasmuch as it is premised on certain forms[1] provided by the Internal Revenue Service.   Specifically, CASE argues that by asking the state court

---

[1] The form that was provided to the plaintiff by CASE is a K-1 form, an income reporting form that requires small corporations to issue to shareholders annually.

3

to order an amendment of one or more of the K-1 forms, the plaintiff voluntarily "chose to raise issues that triggered federal questions and, therefore, create federal jurisdiction." CASE further argues that related state court issues have been properly removed to this Court on the basis of this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

In the instant motion to remand, Kolwe argues that removal of the post judgment motion was improper and that this matter should be remanded to Fifteenth Judicial District for the Parish of Lafayette, Louisiana. Kolwe further asserts that comity and federalism bar removal and require remand. For the reasons assigned, the undersigned agrees with Kolwe that the instant matter was improperly removed and must be remanded to state court.

## II.    LAW AND ANALYSIS

### A. Removal standard

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co*., 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co*., 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, federal courts have subject-matter jurisdiction only over

4

civil actions presenting a federal question, 28 U.S.C. § 1331, and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states, 28 U.S.C. § 1332.

A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Howery v. Allstate*, 243 F.3d at 916. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction. *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000).

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Howery v. Allstate Ins. Co*., 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co*., 516 F.3d 276, 278 (5th

5

Cir. 2008); *Boone v. Citigroup, Inc*., 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995).   Accordingly, the defendants, as the removing parties, have the burden of establishing that this Court has subject-matter jurisdiction over this action.

The presence or absence of a federal question necessary to support removal is governed by the well-pleaded complaint rule, under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). Federal question jurisdiction arises when a plaintiff sets forth allegations "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *See* 28 U.S.C. § 1331.   For a claim to "arise under" federal law, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112 (1936). "The presence of a substantial federal question must be apparent without the aid of the answer of the petition for removal." *Chuska Energy Co. v. Mobil Explo. & Prod. N. Amer., Inc.,* 854 F.2d 727, 730 (5th Cir.1988)(citing *Gully,* 299 U.S. at 113, 57 S.Ct. 96).

### B. Analysis

CASE removed the instant matter to this Court from a post-judgment motion to enforce the final judgment of the state court and to impose contempt remedies for actions taken by CASE in alleged violation of that judgment.   To be clear, neither party disputes the facts that this matter has been tried to judgment in state court and that such judgment was appealed and is now final.   In its motion to remand, the plaintiff argues that the proceeding presently before the Court is ancillary to the judgment obtained in state court, not an independent action, and as a result it was improperly removed from the state court.   CASE responds that the plaintiff's filing of the post-judgment motion raises issues of federal question, inasmuch as the plaintiff's basis for filing the motion is CASE's issuance of certain IRS tax forms to him.

The removal statute generally states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where *such action is pending."*   28 U.S.C. §1441(a) (emphasis added).   S*ee also* §1446(a) ("A defendant or defendants desiring to remove any civil *action* from a State court shall

7

file in the district court ... and division within which such *action* is *pending*...." (emphasis added)).    "Under §1441(a), the term 'civil action' has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court."    *Barrow v. Hunton,* 99 U.S. 80, 82 (1878); *Wimbledon Financing Master Fund, Ltd. v. Sage Group Consulting Inc.,* 2017 WL 6034649, at *2 (S.D.N.Y. Nov. 21, 2017). "[W]here the action sought to be removed first arose as a motion before the state court in a related proceeding, rather than as a separate complaint, the party seeking removal must [also] prove the existence of an action separate and independent from the related proceeding." *Fox & Horan v. Beiny,* 1992 WL 168261, at *1 (S.D.N.Y. June 29, 1992) (citing *First Nat'l Bank v. Turnbull & Co.,* 83 U.S. 190 (1872)("Where a proceeding in a State Court is merely incidental to an original action there . . . it cannot be removed.")); *see Estate of Kelly v. Gagliano,* No. 13-CV-6077 (NGG)(LB), 2014 WL 950050, at *2 (E.D.N.Y. Mar. 11, 2014)(granting the plaintiff's motion to remand because the proceeding was " 'merely auxiliary' to the original proceeding" in state court).

As an initial matter, the undersigned notes that this matter was not removed from an action pending in state court.    Rather, the "action" below is a matter that was filed and tried in state court and was ruled upon.    A judgment was issued in that

8

case on December 22, 2017.   Thus, the "action" from which the instant case was removed is no longer a pending action at all.   The state court matter from which this case was removed is a closed matter with a judgment in place.

The trigger for the instant removal was, instead, a motion for post-judgment relief seeking to enforce the final state court judgment and impose contempt sanctions on the judgment debtor for alleged violations of that judgment.   The Fifth Circuit has held that the finality of a state court judgment at the time of removal makes removal improper.   *Ovieda v. Hallbauer,* 655 F.3d 419, 423 (5th Cir. 2011)(finding that "[t]here is simply no support in our precedence for the . . . position that a case may be removed to federal court after the state court's jurisdiction has wholly expired.").   In so holding, the Court noted that "[in] similar circumstances, the Second, Sixth, and Ninth Circuits have refused to allow removal on grounds of federalism and logic." *Id.* citing *Ohio v. Doe,* 433 F.3d 502, 507(6th Cir. 2006)("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized."); *Four Keys Leasing & Maint. Corp. v. Simithis,* 849 F.2d 770, 774 (2nd Cir. 1988)("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for

9

further litigation."); *Ristuccia v. Adams,* 406 F.2d 1257, 1258 (9th Cir. 1969)("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court.").   The Court concluded that removal is simply not possible after a final judgment and the time for direct appellate review has run. *Id.* at 424. Accordingly, the Court finds that this matter has been improperly removed.

Even if this Court were to conclude that the matter had been properly removed, the undersigned would recommend that this Court abstain from exercising jurisdiction over the instant case based on principals of federalism and comity. *See Carrouche v. City of New Orleans,* 29 F.Supp.2d 740 (E.D.La. 1998).   In *Carrouche,* the judgment creditors filed a Section 1983 action in federal court to enforce a state court judgment rendered in their favor and against the City of New Orleans requiring the city to properly fund the firefighter's pension.   The judgment creditors had not first sought relief before the state court that rendered the judgment. The District Court, relying on *Ballard v. Wilson*, 856 F.2d 1568, 1570 (5th Cir. 1988)(citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) and *Juidice v. Vail*, 430 U.S. 327 (1977)), remanded the action to the state court holding, "[t]he Younger doctrine would be eviscerated if litigants could evade abstention simply by failing

10

to take recourse to available state post-trial procedures." The Court further stated "[it] would seriously offend comity and federalism were the Court not to defer to the state enforcement mechanism. It would greatly weaken the very architecture of our republican government." *Id.*

The Court also finds the analysis employed by the court in *High Speed Capital, LLC v. Corp. Debt Advisors, LLC*, 339 F. Supp. 3d 137, 140–42 (W.D.N.Y. 2018) instructive. In that case, the plaintiff attempted to execute a state court judgment obtained against defendants/judgment debtors by filing a post-judgment special proceeding in state court against a different defendant. That defendant removed the matter to federal court, and the plaintiff filed a motion to remand on grounds the matter that was removed was ancillary to the judgment obtained in state court, not an independent action, and was therefore improperly removed from state court. The removing defendant argued that the removed matter was one in which the plaintiff was seeking to establish liability against the defendant as a third party, and thus "[t]his is not an action merely to turn over funds held by a disinterested third party." *Id.* at 141. Explaining that the removed matter was an action to collect a judgment and not to establish the liability of a third party, the court held that the removed matter fell within the *ancillary* jurisdiction of the state district court

11

in which the judgment was obtained and, thus, had been improperly removed.[2]  *Id.* at 142-43.

Although *Carrouch* and *High Speed Capital* differ in some ways from the instant case, those differences militate in favor of remand here.  Specifically, *Carrouch* involved a separately filed action in federal court while *High Speed* involved an action filed in state court (though separate from the original matter in which the judgment was obtained).  In contrast, the instant matter does not involve a separately filed action at all, but instead it involves a *post-judgment motion filed in a closed state court case.*  Importantly, however, both *Carrouch* and *High Speed Capital* echo this matter in that the remedy sought is enforcement of a judgment obtained in state court.  The fact that the relief sought in this matter involves the use of federal tax forms does not create an independent basis for jurisdiction in this Court, because the relief sought arises out of the judgment issued in state court, and, as in *Carrouch* and *High Speed Capital*, is ancillary to that proceeding.

---

[2]  The governing law in New York at that time allowed a judgment creditor to commence a special proceeding "against a person in possession or custody of money ... in which the judgment debtor has an interest, or against a person who is a transferee of money ... from the judgment debtor," and allowed for the initiation of a special proceeding "against any person who it is shown is or will become indebted to the judgment debtor."  *Id.* at 142.

Mindful of the strict construction of the removal statute, and that any questions surrounding the propriety of removal must be resolved in favor of remand, the undersigned concludes that the matter was improperly removed and further that this court should abstain from exercising jurisdiction over this matter which is clearly ancillary to the state court proceeding. Accordingly, this matter should be remanded.   In the Court's discretion, it is recommended that the plaintiff's request for attorney's fees be denied.[3]

## III.    CONCLUSION

Considering the foregoing, IT IS RECOMMENDED that plaintiff's Motion to Abstain and Remand [Doc. 15] be GRANTED, and that this matter be remanded to the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana. IT IS FURTHER RECOMMENDED that plaintiff's request for attorney's fees be DENIED.

Under the provisions of 28 U.S.C 636(b)(1)(C) and Fed.R.Civ.P 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.   A

---

[3] 28 U.S.C. §1447(c) provides "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added).

party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 8th day of July, 2020.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

14